TYSON, Judge.
Antuaun Thompson ("Defendant") appeals from his conviction of discharging a weapon into an occupied moving vehicle in violation of N.C. Gen. Stat. § 14-34.1(b). We find no error.
I. Factual Background
The State's evidence tended to show on 21 April 2014 at approximately 7:15 p.m., Whiteville Police Officer Robert Worley received a call from a 911 dispatcher reporting shots fired on West Burkhead Street, with bullets possibly striking a vehicle. The 911 dispatch reported a black male wearing a red shirt and black pants was observed walking away from where the shots had been fired. Both Officer Worley and Officer Thomas Riggins responded to the call, and the officers drove separately toward West Burkhead Street.
Two minutes later, Officer Worley was proceeding toward the intersection of Madison Street and West Burkhead Street. From his car, he observed Defendant, a black male, who was wearing a red shirt and black bottoms, walking upon the sidewalk at the intersection. Officer Worley testified, "I locked eyes with the suspect and at that time, he started running away from me." Officer Worley parked the patrol car and began chasing Defendant down Madison Street on foot.
After a brief chase, Officer Worley caught up with Defendant, handcuffed him, and placed him into the back of his patrol car. Officer Worley communicated to Officer Riggins, who had not yet arrived at the scene, that he had apprehended a suspect possibly matching the 911 description.
When Officer Riggins arrived, he and Officer Worley canvassed West Burkhead Street and Madison Street. Officer Riggins discovered a .22 caliber revolver on the ground near the sidewalk, in an area close to where Officer Worley had begun pursuing Defendant. Upon examining the weapon, Officer Worley discovered "five empty, spent shell casings, and four still whole, unspent shell casings." Defendant subsequently admitted to Officer Worley that the recovered revolver had fallen from his waistband when he began running away from Officer Worley.
Defendant was arrested and brought to the Columbus County Law Enforcement Center. He was charged with the crime of discharging a weapon into an occupied moving vehicle and discharging a firearm within city limits in violation of a Whiteville city ordinance.
At approximately 8:20 p.m., about forty-five minutes after Defendant was taken to the law enforcement center, Stephanie Smith ("Smith") and her nephew James Logan ("Logan") arrived at the law enforcement center to report that shots had been fired at Smith's Pontiac Grand Am vehicle while it was traveling on West Burkhead Street. Smith told Officer Riggins that her son, Tyree Smith, had been driving the car with Logan in the passenger seat down the 300 block of West Burkhead Street when they heard shots being fired. Officer Riggins examined the Grand Am and observed bullet holes in the back of the trunk, coming through the backseat, and in the headrest of the vehicle.
Officer Worley, Officer Riggins, and Logan testified at trial. The State introduced Defendant's .22 caliber revolver and photographs of the bullet holes in the Grand Am into evidence.
Officer Riggins testified he observed the bullet holes in the vehicle. The prosecutor asked whether, based upon his training and experience, he had knowledge of the type of weapon, which could produce a hole of the size of the one that came through the backseat. Defendant objected.
The trial court instructed the jury that Officer Riggins' testimony constituted lay witness testimony in the form of an opinion and allowed Officer Riggins to proceed. Officer Riggins testified, based upon his training and experience, a small caliber weapon, like a .22 caliber gun, had made several of the bullet holes in the vehicle.
Defendant's counsel cross-examined Officer Riggins:
[Defense Counsel]: What you testified to is that you saw bullet holes that comport to a small caliber weapon.
[Officer Riggins]: Yes.
[Defense Counsel]: Okay. Now did you find-what did you find-did you find bullets or anything in the car?
[Officer Riggins]: No, sir. No, sir, I don't recall finding any actual projectiles.
On re-direct, Officer Riggins was asked for his opinion on what type of weapon could have produced a different sized bullet hole in the vehicle. Officer Riggins testified a larger caliber weapon made that particular bullet hole, not a .22 caliber. The prosecutor further asked Officer Riggins, "[a]nd that .22 caliber matched a bullet hole in the back of the trunk, matched a bullet hole coming through the backseat, matched a bullet hole in the headrest?" Officer Riggins answered, "[y]es." Defendant did not object to this testimony.
The jury found Defendant guilty of discharging a weapon into an occupied moving vehicle. Defendant was sentenced to 73 to 100 months imprisonment. Defendant appeals.
II. Jurisdiction
Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2015) and § 15A-1444(a) (2015).
III. Issues
Defendant argues the trial court abused its discretion when it allowed Officer Riggins' lay testimony on whether a .22 caliber revolver was "consistent with" or "matched" the bullet holes found in the vehicle. Defendant further argues that if his objection to Officer Riggins' testimony was not sufficient to preserve the issue for appeal, the plain error rule applies.
IV. Standard of Review
"We review a trial court's ruling on the admissibility of lay opinion testimony for abuse of discretion." State v. Belk , 201 N.C. App. 412, 417, 689 S.E.2d 439, 442 (2009). "In order for this Court to conclude that the trial court abused its discretion, we must find that the judge's decision lacked any basis in reason, or was so arbitrary that it could not have been the result of a reasoned decision." Williams v. Bell , 167 N.C. App. 674, 678, 606 S.E.2d 436, 439 (2005) (citation and quotation marks omitted).
However, "an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action ... may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C. R. App. P. 10(a)(4).
For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice-that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affects the fairness, integrity or public reputation of judicial proceedings.
State v. Lawrence , 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (internal citations, quotation marks, and brackets omitted). Showing sufficient prejudice to constitute plain error to overturn a jury's conviction is a high standard and burden for a defendant to carry. See id .
While Defendant in this case objected to the initial line of questioning on direct, defense counsel also asked Officer Riggins on cross-examination whether his testimony was that the bullet holes "comport[ed] to a small caliber weapon." The scope of defense counsel's questions on cross-examination allowed the State to properly ask about Officer Riggins' testimony again on re-direct. See State v. Taylor , 362 N.C. 515, 557, 669 S.E.2d 239, 272 (2008) ( "[Q]uestions asked on redirect should not go beyond matters discussed during cross-examination." (citations and quotation marks omitted)).
Defendant also failed to renew or raise objection to Officer Riggins' testimony on re-direct. As our Supreme Court stated, "[i]t is well established that the admission of evidence without objection waives prior or subsequent objection to the admission of evidence of a similar character." Campbell , 296 N.C. 394, 399, 250 S.E.2d 228, 231 (1979) ; State v. Alford , 339 N.C. 562, 570, 453 S.E.2d 512, 516 (1995) ("Where evidence is admitted over objection and the same evidence has been previously admitted or is later admitted without objection, the benefit of the objection is lost.") As such, we review for plain error.
V. Plain Error Analysis
This Court has allowed an officer's lay opinion testimony in several recent cases, including lay opinion testimony on gunshots and bullets. See, e.g. , State v. Crandell , 208 N.C. App. 227, 235-36, 702 S.E.2d 352, 358 (upholding an officer's testimony regarding the caliber of bullet fragments), disc. review denied , 365 N.C. 194, 710 S.E.2d 34 (2010), State v. Fisher , 171 N.C. App. 201, 214, 614 S.E.2d 428, 437 (2005) (upholding an officer's testimony on the location of shell casings when a bullet is fired); see also State v. Miller , 142 N.C. App. 435, 444, 543 S.E.2d 201, 207 (2001) (upholding an officer's testimony regarding the condition of vehicle tires following an accident). In each case, this Court held the officer's lay testimony lawfully fell within the parameters of Rule 701 of the North Carolina Rules of Evidence. Rule 701 permits a lay witness to express an opinion, if that opinion is "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue." N.C. Gen. Stat. § 8C-1, Rule 701 (2015).
We need not address whether Officer Riggins' testimony that the bullet holes were "consistent with" or "matched" a .22 caliber weapon exceeded proper lay opinion testimony. Defendant failed to preserve the objection he made during the direct examination when he did not renew his objection to "admission of evidence of a similar character" on redirect examination. See State v. Campbell , 296 N.C. at 399, 250 S.E.2d at 231. In the absence of an objection on re-direct, the admission of this testimony does not constitute plain error. Officer Riggins' testimony did not have "probable impact" on the jury's verdict. Lawrence , 365 N.C. at 518, 723 S.E.2d at 334.
The State presented other substantial evidence to support the jury's verdict. The State's evidence tended to show Officer Worley responded to a call reporting shots fired and that an individual described as a black male wearing a red shirt and black pants was observed walking away from the scene. Officer Worley arrived at the intersection two minutes later and observed Defendant, who fit the description given, present at the scene. Once Officer Worley "locked eyes" with Defendant, Defendant started running away from him.
After a short pursuit, Officer Worley caught up with and arrested Defendant. A loaded .22 caliber revolver was recovered near where the pursuit started. The revolver contained five "spent" shell casings, and four "unspent" shell casings. Defendant admitted the recovered revolver had fallen from his waistband at the start of the pursuit.
"It is the province of the jury to weigh the evidence and determine questions of fact." Coletrane v. Lamb, 42 N.C. App. 654, 657, 257 S.E.2d 445, 447 (1979). The jury is also "entitled to draw its own conclusions about the credibility of the witnesses and the weight to accord the evidence." Smith v. Price, 315 N.C. 523, 530-31, 340 S.E.2d 408, 413 (1986). Based upon our review of the entire record and consideration of all the evidence presented, without an objection, Defendant has failed to show sufficient prejudice from the admission of Officer Riggins' testimony regarding whether a .22 caliber revolver was "consistent with" or "matched" the bullet holes to constitute plain error to set aside the jury's verdict and award a new trial.
Had the Defendant objected to the State's proper question on re-direct and preserved his original objection, it would be appropriate to apply this Court's standard of review for preserved error. Defendant failed to preserve this issue and we do not reach the merits of whether Officer Riggins' testimony exceeded the limits of permitted lay opinion testimony under Rule 701.
VI. Conclusion
Defendant has failed to show the trial court committed plain error by not striking Officer Riggins' unobjected to lay opinion testimony on its own motion. Defendant received a fair trial, free from prejudicial errors he preserved and argued. We find no plain error. It is so ordered.
NO ERROR.
Report per Rule 30(e).
Judge CALABRIA concurs.
Judge DAVIS concurs in the result only.